IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ETHEL JUANITA McCRACKEN, By and
Through CAROL POOVEY, Next Friend,
For the Use and Benefit of ETHEL
JUANITA McCRACKEN                                                                    PLAINTIFF

vs.                                                                                  No. 3:05CV36-D-A

MARINER HEALTH CARE, INC. f/k/a
MARINER POST-ACUTE NETWORK, INC.; et al.                                             DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's motion remand this matter to the Circuit Court of Grenada County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

In September of 2003, the Plaintiff Ethel McCracken was admitted to the Defendant Mariner Healthcare, Inc.'s Grenada, Mississippi, facility (Grenada Health & Rehabilitation Center), where she remains to this date.

The Plaintiff filed this negligence action on August 25, 2004, alleging that the Defendants, including the individual administrator of the subject facility, have been negligent in providing care, and that this negligence has proximately caused the Plaintiff to suffer unnecessary injuries. The Plaintiff seeks compensatory and punitive damages from the Defendants.

On March 17, 2005, the Defendants removed the action to this court on the basis of federal diversity jurisdiction as set forth in 28 U.S.C. § 1332(a), asserting that the Plaintiff has improperly joined the individual Defendant administrator in order to defeat this court's diversity jurisdiction. Thereafter, the Plaintiff requested leave of court to amend her complaint (to name the proper

administrator; an incorrect one was originally named in the complaint), and to move the court to remand this matter to state court, contending that because the individual Defendant administrator is properly joined, complete diversity does not exist and this court lacks jurisdiction over the case.

## B. Discussion

### 1. The Plaintiff's Amendment of the Complaint

The Plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure, has moved to amend her complaint to add Elizabeth Springer as a Defendant administrator.[1] Pursuant to Rule 15, in a case in the present posture, a party may amend her complaint "by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15.

In <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit, after cautioning that district courts should scrutinize an amendment naming a new nondiverse defendant in a removed case more closely than an ordinary amendment, identified a number of factors for courts to take into account when confronting such an amendment, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." <u>Hensgens</u>, 833 F.2d at 1182.

In accordance with the above-listed factors and in light of the circumstances of this case, the court finds that the Plaintiff's motion to amend her complaint is proper and shall be granted. First, the Plaintiff is obviously not attempting to correct the Defendant administrator's name in order to destroy diversity. From the beginning of this case in state court, the Plaintiff attempted to sue the

---

[1] The Plaintiff initially named Michael Banes as the Defendant administrator, but dismissed him upon being informed that Banes was not the administrator of Grenada Health & Rehabilitation Center during the Plaintiff's time in the facility.

administrator whom was employed by Grenada Health & Rehabilitation Center during the relevant time frame, and thought she had successfully done so when she named Michael Banes as an individual Defendant. As the Plaintiff subsequently learned, however, the name of the subject administrator is Elizabeth Springer; thus the Plaintiff seeks leave to amend to name Springer as a Defendant. In addition, this is not a case in which the Plaintiff, upon landing in federal court after removal, started fishing around for a local defendant to sue; a local defendant had been named from the beginning of this litigation. Further, the court discerns no undue delay on the part of the Plaintiff in seeking to amend. The Plaintiff was quite clearly attempting to name the administrator of Grenada Health & Rehabilitation Center as a defendant in this action, and moved immediately to amend the complaint upon learning that she had incorrectly named the administrator.

Finally, not allowing the Plaintiff to amend would result in unfairness to the Plaintiff. As is set forth in more detail below, individual administrators of nursing home facilities are potentially liable for their own negligence under Mississippi law. Accordingly, not allowing the Plaintiff to properly include the actual administrator of the allegedly negligent facility would result in unfairness to the Plaintiff.

For the above-stated reasons, the court finds that the Plaintiff's amendment of her complaint is proper, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and her motion to amend shall be granted.

2. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiff, however, asserts that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiff and the Defendant Elizabeth Springer are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiff improperly joined[2] Springer in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Springer has not been improperly joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is citizen of same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

The improper joinder doctrine constitutes "a narrow exception to the rule of complete diversity." McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005). The party alleging

---

[2]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

improper joinder bears the burden of persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong of this test, the court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). If no reasonable basis of recovery exists, a conclusion may be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless that showing compels dismissal of all defendants, in which case there is no improper joinder. McDonal, 408 F.3d at 183. Improper joinder has not occurred if a defense raised by the defendants compels the same result for the resident and nonresident defendants, because this would simply mean that the plaintiff's case is ill founded as to all the defendants rather than just as to the resident defendants. Id. In other words, if the showing of no possibility of recovery against the local defendant applies equally to all claims against all defendants, remand is appropriate. Id.

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiff] might be able to establish [the non-diverse Defendant's] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiff's pleadings in the light

most favorable to the Plaintiff, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiff. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of improper joinder, the court does not focus on whether the Plaintiff will prevail on the merits of her claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiff will be able to state a claim against the allegedly improperly joined Defendant. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is no reasonable possibility that the Plaintiff will be able to state a claim against Elizabeth Springer in state court. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. Discussion

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood, 385 F.3d at 573. In the case at bar, the Plaintiff alleges that the Defendant Springer is liable for, *inter alia*, negligence concerning the Plaintiff's treatment in the subject facility.

Under Mississippi law, an agent for a disclosed principal can be held personally liable for her own tortious acts committed within the scope of her employment, and a tort claim can be maintained against that agent. Hart, 199 F.3d at 247. The agent is subject to personal liability when she "directly participate[s] in or authorize[s] the commission of a tort." Hart, 199 F.3d at 247 (quoting Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)).

In the case *sub judice*, the Plaintiff's complaint alleges that the individual Defendant committed negligence in connection with the Decedent's care while she was a resident in the subject facility. The Plaintiff alleges that the individual Defendant, as a licensed nursing home administrator, was negligent in several respects, including her failure to hire appropriate numbers of nursing personnel and her failure to adequately supervise and train the nursing personnel she did hire. See Complaint at 14-22. The Plaintiff also alleges that the individual Defendant was negligent due to her failure to maintain adequate records to ensure that the Plaintiff received adequate care. See Complaint at 17.

Upon careful review of the parties' submissions, the court finds that the scenario set forth in the Plaintiff's pleadings, if true, could result in liability being imposed on the individual Defendant for her alleged negligence. See Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 410 (5th Cir. 2004) (remanding case and holding that, under Mississippi law, nursing home managers can be held personally liable in tort to injured residents, even in absence of hands-on contact); Bradley v. Grancare, Inc., No. 4:03CV93-P-B, slip op. at 5-8 (N.D. Miss. Aug. 14, 2003) (finding that similar allegations against nursing home administrator had reasonable possibility of stating claim against administrator in state court); Barham v. Shady Lawn Nursing Home, Inc., No. 5:01-CV-129BrS, slip

op. at 5-7 (S.D. Miss. Oct. 22, 2001) (same). The Plaintiff has sufficiently set forth specific and detailed allegations demonstrating that the individual Defendant may have been negligent. Specifically, the Plaintiff states, *inter alia*, that the individual Defendant was negligent due to her "fail[ure] to hire and maintain sufficient staff . . . to meet the total needs of [the Plaintiff] . . . [and that] a reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to [the Plaintiff]." See Complaint at 16, 21.

Accordingly, the court finds that the Plaintiff's allegations are sufficient to potentially state a claim for negligence under Mississippi law. In addition, several other federal district courts in Mississippi have considered similar allegations in cases involving nursing homes and the purported improper joinder of their administrators, and have remanded the cases to state court.[3]

Thus, in accordance with the above-cited authorities, the court finds that the individual Defendant faces potential liability for her actions, and the Defendants have not demonstrated the lack of a reasonable possibility that the Plaintiff will be able to establish a cause of action against the individual Defendant in state court. As such, the court finds that the individual Defendant has not been improperly joined in this action.

### D. Conclusion

In sum, the Plaintiff's complaint, taking all allegations set forth as true, at least raises a reasonable possibility that she could succeed in establishing a tort claim against the individual

---

[3]See, e.g., Bradley v. Grancare, Inc., No. 4:03CV93-P-B (N.D. Miss. Aug. 14, 2003) (opinion and order granting motion to remand); LaBauve v. The ServiceMaster Co., No. 3:00-CV-785WS (S.D. Miss. Jan. 14, 2002) (same); Barham v. Shady Lawn Nursing Home, Inc., No. 5:01-CV-129BrS (S.D. Miss. Oct. 22, 2001) (same); Box v. Beverly Health and Rehab. Servs., Inc., 3:03CV22-SAA (N.D. Miss. May 30, 2003) (same).

Defendant Elizabeth Springer under Mississippi law. Accordingly, Springer's Mississippi citizenship cannot be ignored for the purpose of determining subject matter jurisdiction. Her presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Grenada County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 31st day of October 2005.

/s/ Glen H. Davidson
Chief Judge